# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD ATKINSON** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 21-4861** |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT** | : | |
| **SCI FOREST,** *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 26th day of October 2022, upon careful consideration of the *pro se* petition for a writ of *habeas corpus*, (the "Petition"), filed by Petitioner Todd Atkinson, ("Petitioner") pursuant to 28 U.S.C. § 2254, [ECF 1], the response filed by Respondents, [ECF 20], the *Report and Recommendation* issued on August 9, 2022, by the Honorable Scott W. Reid, United States Magistrate Judge (the "Magistrate Judge"), which recommended that the Petition be denied, [ECF 25], Petitioner's *pro se* objections to the *Report and Recommendation*, [ECF 26], the pleadings, and the available state court record, and after conducting an independent *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation*, [ECF 25], is **APPROVED** and **ADOPTED**;

2. The objections, [ECF 26], are without merit and are **OVERRULED**;[1]

---

[1] In 2016, Petitioner was convicted by a jury of six counts of possessing child pornography and one count of criminal use of a communication facility. He was later sentenced to 25 to 50 years of incarceration on each count, to be served concurrently. The sentence was a mandatory minimum sentence because Petitioner had a prior conviction for a sex offense against a minor.

On November 1, 2021, Petitioner filed a *pro se* petition for writ of *habeas corpus*, [ECF 1], which was referred to the Magistrate Judge for a Report and Recommendation. In the Report and Recommendation (the "R&R"), the Magistrate Judge aptly summarized Petitioner's *habeas corpus* claims for relief as follows: (1) his sentence of 25 to 50 years of incarceration is illegal under *Alleyne* and *Apprendi*; (2) he is entitled to relief under *Muniz*; (3) the PCRA court erred in denying him an evidentiary hearing; (4) the sentence imposed was "due to Judge based facts and not found by a jury" in violation of

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

*Alleyne* and *Apprendi*; (5) trial counsel was ineffective for failing to object to his sentence under *Alleyne* and *Apprendi*; (6) he is entitled to a "reduction of sentence" under *Muniz* "as offense grading has been downgraded"; (7) he is entitled to resentencing "due to the Sixth Amendment violation and unconstitutional sentencing statute"; and (8) a second claim that trial counsel was ineffective in failing to object to his "illegal sentence" under *Alleyne* and *Apprendi*. [ECF 25]. The Magistrate Judge addressed each of these claims and found that each one either lacked merit or was non-cognizable and recommended that the Petition be denied. Petitioner has now filed objections to the R&R. [ECF 26].

When a party files timely objections to an R&R, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

In his timely objections to the R&R, Petitioner merely lists the claims he made in his Petition and provides no argument as to how the Magistrate Judge erred in his conclusions. [ECF 26]. Nevertheless, this Court has reviewed the pertinent portions of the record *de novo* and finds that the Magistrate Judge carefully considered each of Petitioner's claims and arguments and correctly concluded that each claim was either without merit or non-cognizable. This Court further finds no error in the Magistrate Judge's analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved, Petitioner's objections are overruled, and the Petition is dismissed.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth above, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.